UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
File Number 1:19CR28

------------------------------------------------- X
UNITED STATES OF AMERICA |
|
vs. |
|
RODNEY DEJUAN ALLISON, |
DEFENDANT |
------------------------------------------------- X

**AMENDED**
**FACTUAL BASIS**

FILED
ASHEVILLE, NC
NOV 0 1 2019
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

11/1/19

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement previously filed in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to the plea agreement and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime. The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local

Page 1 of 8

Case 1:19-cr-00028-MR-WCM   Document 146   Filed 10/31/19   Page 1 of 8
Case 1:19-cr-00028-MR-WCM   Document 147   Filed 11/01/19   Page 1 of 8

Criminal Rule 32.4. The defendant may — but is not required to – submit a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the Presentence Investigation Report that are not contained in this Factual Basis. Either party may present to the Court additional facts that do not contradict facts set forth in this Factual Basis.

Between March 2017 and March 2019, Rodney Dejuan Allison and others did conspire to distribute and to possess with intent to distribute and did distribute and possess with intent to distribute a variety of controlled substances which included heroin; marijuana; cocaine base ("crack"); powder cocaine; methamphetamine; amphetamine ("Adderall"); and alprazolam ("Xanax").

On May 16, May 22 and June 17, 2017, the Georgia Department of Corrections recorded telephone conversations between Allison and an inmate, in which Allison made coded offers to provide controlled substances to the inmate.

On April 10, 2019, Task Force Officers Sonia Escobedo and Steven Hendricks conducted a custodial interview of Allison in the Buncombe County Detention Center. After being advised of his Miranda Rights, Allison waived his Fifth Amendment rights and consented to an interview. In the course of that interview. Allison disclosed that:

Page 2 of 8

Case 1:19-cr-00028-MR-WCM   Document 146   Filed 10/31/19   Page 2 of 8
Case 1:19-cr-00028-MR-WCM   Document 147   Filed 11/01/19   Page 2 of 8

- He "used to sling dope" and he "used to sell [drugs] in Bartlett Arms. Bartlett Arms Apartments is a public housing complex in Asheville managed by the Asheville Housing Authority. He was "selling ten dollar rocks [crack cocaine] . . . in Bartlett Arms".

- He could acquire ounce quantities of heroin from an individual he identified to TFOs Escobedo and Hendricks.

- He could acquire crystal methamphetamine from an individual he identified to the officers.

- He had acquired a kilogram of cocaine for thirty-thousand dollars ($30,000) and a kilogram of methamphetamine for six thousand dollars ($6,000). He "got it [crystal methamphetamine] in shards".

- He "only sold hard" and did not sell "ice".

- He had had a quantity of crack cocaine in his pocket at the time of his arrest on September 28, 2018.

- In coded conversations, Allison refers to heroin as "dog food" and methamphetamine as "ice cream".

On September 28, 2018, an Apple iPhone was seized by Task Force Officers from Allison. Thereafter, on April 11, 2018, Buncombe County Anti-Crime Task Force (BCAT) Agent Andrew Fournier applied for and was issued a search warrant for that cellphone. Upon review of the data stored upon the phone, TFO Fournier found text messages between Allison and known and unknown persons involving the sale, distribution and use of controlled substances. For example, on July 10, 2018, Allison received a text message from William Luther Downs, Jr., who is Allison's stepson and a Co-defendant herein: "This will can I come get some green." [sic]

Page 3 of 8

Case 1:19-cr-00028-MR-WCM   Document 146   Filed 10/31/19   Page 3 of 8
Case 1:19-cr-00028-MR-WCM   Document 147   Filed 11/01/19   Page 3 of 8

Harry James Odum is a co-defendant herein. On January 16, 2019, Odum was arrested and charged with possession of four ounces of methamphetamine. Odum submitted to an interview by Task Force Officers. He told officers that he had been supplied methamphetamine and pain pills by an individual known to him as "Hot" or "Biggs", both nicknames used in the past by Allison. Odum reported that Allison would supply him with one ounce of methamphetamine at a time and usually met him in or near the Bartlett Arms Apartments. Odum reported that some months earlier, Allison had been arrested and had stopped dealing directly with Odum. Odum said that, following Allison's arrest, he obtained methamphetamine from two males known to Odum as "Prophet" and "Babe", both of whom, according to Odum, were associated with Allison. "Prophet" is Prophet Karim Hadialim Allah, a Co-Defendant herein.

On May 13, 2018, Allison received a text message from Odum: "Call me I need 2 gallons of ice cream". This message was transmitted and received during the time that Odum reported being involved in purchasing methamphetamine from Allison.

The data on Allison's iPhone (404-579-7108) also included the following transmissions:

May 28, 2018
Incoming 11:48:33 PM UTC "I need the same thing I got last time."
Outgoing 5/29/18 12:02:50 AM UTC "what u need"
Incoming 12:03:51 AM UTC "Half of clear"
Outgoing 12:18:26 AM UTC "On Way"

May 30, 2018

Page 4 of 8

Case 1:19-cr-00028-MR-WCM   Document 146   Filed 10/31/19   Page 4 of 8
Case 1:19-cr-00028-MR-WCM   Document 147   Filed 11/01/19   Page 4 of 8

Incoming: 4:41:08 PM UTC "I need 2 z and a 10 I bring you back 20 in an hr"
Outgoing: 4:52:03 PM UTC "Don't tex no shit like that to my ohm"

June 4, 2018

Incoming: 4:06:51 PM UTC "When will you be in Bartlett? Kerry. Keep this to yourself"
Outgoing: 4:12:20 PM UTC: "What's up"
Incoming: 4:13:00 PM UTC "I need 60"

Odum began to cooperate and met with investigators and his attorney on February 20, 2019. Odum told investigators, among other things, that once Allison was arrested in September, 2018, Allison's dealing with Odum slowed down some. However, according to Odum, once Allison made bond, he began supplying Odum again. Odum told investigators that the only thing that really changed was that Allison himself no longer made deliveries; that he would send a runner over instead. Odum said that Prophet Allah, who Odum knew as "Pete" was one of those runners. Odum told investigators that he ordered the eight ounces for the October 16, 2018 buy from Allison. Prophet Allah delivered meth to Odum on that date. With respect to the buy on November 14, 2018, Odum stated that he ordered four ounces of meth from Allison. Prophet Allah delivered meth to Odum on that date. With respect to the meth in his possession at the time of his arrest on January 16, 2019, Odum stated that he ordered that four ounces of meth from Allison. "Babe" then contacted Odum and instructed him to go to Deaverview Apartments in Asheville to pick up the meth.[1]

---

[1] Allison denies Odum's account of dealings between the two following Allison's arrest on September 28, 2018. Allison does not deny that Odum made the statements to

Page 5 of 8

Case 1:19-cr-00028-MR-WCM   Document 146   Filed 10/31/19   Page 5 of 8
Case 1:19-cr-00028-MR-WCM   Document 147   Filed 11/01/19   Page 5 of 8

On September 26, 2018, investigators seized a supply of methamphetamine from Co-Defendant Teresa Day Shuping in Elkin, North Carolina. Shuping obtained the methamphetamine from Odum who reported to officers that he obtained it from Allison. Shuping cooperated in the ongoing investigation and set up – for October 16, 2018, in Asheville – a controlled buy of methamphetamine from Odum. Prophet Allah delivered the methamphetamine for that buy and Downs picked up the purchase money. Investigators conducted another controlled buy of methamphetamine from Odum on November 14, 2018. Shuping set up the buy. Prophet Allah delivered the methamphetamine. On January 16, 2019, Shuping set up another controlled methamphetamine purchase from Odum. TFOs stopped Odum en route to the transaction and seized the methamphetamine.

The investigation was taken down in its entirety on April 10, 2019. During questioning by TFOs, Allison admitted to having been a drug dealer; admitted to having sold crack; admitted that had sold drugs in the Bartlett Arms Apartments; admitted to being able to obtain heroin, methamphetamine and Xanax from various sources of supply; and admitted to having been in possession of crack cocaine when a search warrant was executed on 25 Ora Street in September of 2018.

---

the investigators but Allison disputes the truth of the statements. However, Allison's disputing of those facts does not impact his plea in this case given facts agreed to elsewhere in the Factual Basis.

Page 6 of 8

Case 1:19-cr-00028-MR-WCM   Document 146   Filed 10/31/19   Page 6 of 8
Case 1:19-cr-00028-MR-WCM   Document 147   Filed 11/01/19   Page 6 of 8

The amount of methamphetamine mixture that was known or reasonably foreseeable to the defendant was at least 500 grams and/or the amount of "actual" methamphetamine that was known to or reasonably foreseeable to the defendant was at least 50 grams; the amount of cocaine base ("crack cocaine") was at least 28 grams; the amount of heroin was at least 100 grams; and additional quantities of a mixture or substance containing detectable amounts of marijuana, cocaine, amphetamine and alprazolam were also known or reasonably foreseeable to to the defendant.[2]

This 31st day of October, 2019.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

THOMAS KENT
ASSISTANT UNITED STATES ATTORNEY

---

[2] The quantities cited, after laboratory analysis, mirror the indictment and/or applicable statutory language that triggers a corresponding mandatory minimum where applicable. The parties, as of the time of this factual basis, are leaving open the issue of the final drug quantities for which the defendant is responsible. However, the defendant knows and understands the drug quantities already calculated by the government and that the government will provide those quantities to the United States Probation Office along with the facts to support each quantity in its Statement of Relevant Conduct in anticipation of the preparation of the Pre-Sentence Investigation Report.

Page 7 of 8

Case 1:19-cr-00028-MR-WCM   Document 146   Filed 10/31/19   Page 7 of 8
Case 1:19-cr-00028-MR-WCM   Document 147   Filed 11/01/19   Page 7 of 8

## ACKNOWLEDGMENT

I have read this Factual Basis, the Superseding Bill of Indictment and the Plea Agreement in this case and have discussed them with the Defendant. Based upon those discussions, I am satisfied that the Defendant understands the Factual Basis, the Superseding Bill of Indictment and the Plea Agreement. I hereby certify that the Defendant does not dispute this Factual Basis.

This 31st day of October, 2019.

_____
SEAN DEVEREUX
ATTORNEY FOR RODNEY DEJUAN ALLISON

Page 8 of 8

Case 1:19-cr-00028-MR-WCM   Document 146   Filed 10/31/19   Page 8 of 8
Case 1:19-cr-00028-MR-WCM   Document 147   Filed 11/01/19   Page 8 of 8