IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 28-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RODNEY DEJUAN ALLISON | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court for a hearing on an *ex parte* filing by Defendant (Doc. 204). Assistant United States Attorney John Pritchard appeared for the Government. Attorney Sean Devereux appeared with Defendant.

## I. Relevant Procedural Background

A Bill of Indictment (Doc. 16) was filed on April 2, 2019, charging Defendant and his codefendants with various drug and firearm offenses. Defendant was arraigned on April 12, 2019 and the matter was scheduled for trial beginning on June 25, 2019.

Trial was later continued to the September 3, 2019 term. (Doc. 73).

A Superseding Bill of Indictment (Doc. 86) was filed on August 7, 2019, charging Defendant and his codefendants with various drug and firearm offenses, including one additional count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant was arraigned on August 14, 2019.

Trial was continued to the term beginning on November 4, 2019. (Doc. 101).

On November 1, 2019, Defendant entered a plea of guilty before the undersigned to Count One of the Superseding Bill of Indictment. Defendant's plea was accepted by the presiding District Judge on November 18, 2019.

A Presentence Investigation Report ("PSR") (Doc. 180) was filed on December 20, 2019. The Government filed its objection to the PSR on January 2, 2020.

Defendant's *ex parte* document was filed on February 5, 2020.[1]

Defendant's objections to the PSR were filed on February 18, 2020.

Defendant's sentencing has not yet been scheduled.

## II.    Discussion and Order

At the hearing, the Court first heard from defense counsel who, without objection, provided the Court with a summary of time records from his firm. The records show, in part, the dates of meetings and other communications with Defendant. Defense counsel also noted that he and his firm have been retained by Defendant and that he has not filed a motion to withdraw.

As it appeared from a review of Defendant's filing that information that could be subject to the attorney-client privilege or otherwise confidential could

---

[1] A hearing on Defendant's filing was postponed pending completion of a criminal trial in state court in which defense counsel was involved.

be disclosed in connection with the Court's consideration of the matter, the courtroom was closed and the record was sealed.

The Court then heard further from defense counsel. Defendant was likewise given an opportunity to address the Court and provide his view of the relationship between Defendant and counsel.

Following these discussions, the record was unsealed, and the courtroom was reopened.

From the information provided, it appears that there have been some disagreements between defense counsel and Defendant. It is not clear, however, that these disagreements, at least at this point, have resulted in a total breakdown of communication.

Further, while Defendant expressed some interest in having another attorney represent him, it was not clear that he had informed defense counsel that he wished to terminate their attorney-client relationship. As noted above, defense counsel has not filed a motion to withdraw and, to the contrary, expressed his willingness to remain in the case, believing that continued representation by him and his firm to be in Defendant's best interest.

The undersigned does not conclude that the attorney-client relationship between Defendant and defense counsel should be disturbed under these circumstances.

Accordingly, to the extent Defendant's filing constitutes an *ex parte* request for an inquiry into the status of counsel, his request is **GRANTED**, and such inquiry has been conducted.

To the extent Defendant's filing constitutes an *ex parte* request for any other type of relief, his request is not in compliance with Local Criminal Rule 47.1(g) as Defendant continues to be represented by counsel and has not formally waived the right to counsel. Accordingly, such request is **DENIED**.

Defendant and defense counsel are encouraged to attempt to work through any disagreements that may exist between them. If those efforts are unsuccessful, defense counsel remains free to file any appropriate motion, including a motion to withdraw should Defendant terminate their attorney-client relationship. The Court, however, declines to take further action with regard to defense counsel's representation of Defendant at this time.

It is so ordered.

Signed: February 20, 2020

W. Carleton Metcalf
United States Magistrate Judge