IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL INDICTMENT |
| v. ) | |
| ) | 1:19-CR-28-2 |
| ) | |
| RODNEY DEJUAN ALLISON ) | |
|    a/k/a "Hot" ) | |
|    a/k/a "Biggs" ) | |
|        Defendant. ) | |

## DEFENDANT'S AMENDED SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

COMES NOW, the defendant, Rodney Dejuan Allison, by and through counsel, William H. Thomas Jr., James Gabriel Banks, Jr., and Stephen P. Lindsay, and files this Sentencing Memorandum and Motion for Downward Variance. In support thereof, counsel shows the following:

### Introduction and Statement of Facts

### Statement of Facts

On November 1, 2019, Mr. Allison entered a guilty plea to Count One of the superseding indictment, alleging a conspiracy to possess and distribute a variety of controlled substances. Probation prepared a presentence report that concludes Mr. Allison is subject to an advisory guideline range of life imprisonment. Mr. Allison has lodged objections to that report. As set forth herein, Mr. Allison submits that

after consideration of the factors enumerated in 18 U.S.C. 3553(a), this Court should impose a sentence below the advisory guideline range.

Based on the facts set forth in the pre-sentence report ("PSR"), Mr. Allison is 46-years-old, married, and is the father of nine children from his current wife and previous relationships. His children range in age from 3 to 28. While Mr. Allison has a lengthy criminal history, he was not born into the best of circumstances. He is one of 15 children, and he grew up poor in the housing projects of Atlanta. In fourth grade he was identified as having special needs, removed from regular classes and placed in learning disabled classes. Educational testing[1] established that Mr. Allison had an IQ of 81, which falls in the Low Average range. Unfortunately, Mr. Allison did not finish high school or obtain a GED, leaving school in the ninth grade. Because of his special needs, Mr. Allison was bullied as a child. It was also as a child that Mr. Allison was first introduced to the distribution of drugs by an adult, who would reward him with fast food and tennis shoes in return for distributing his drugs.

Subsequent to the instant arrest and his guilty plea, Mr. Allison agreed to cooperate with the government in the investigation of others. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Prior counsel obtained IQ testing for Mr. Allison which showed that his cognitive abilities have decreased and that he has an IQ of 56.





**PSR Calculations**

As a result of Mr. Allison's plea of guilty, probation has concluded that Mr. Allison has a Base Offense level of 34, and that the following specific offense characteristics and/or adjustments apply for the possession of a firearm during the offense (U.S.S.G. § 2D1.1(b)(1)(2 levels); maintaining a premises for the purpose of manufacturing or distributing a controlled substance (U.S.S.G. § 2D1.1(b)(12)(2 levels); role in the offense (U.S.S.G. § 3B1.1(b)(3 levels); and obstruction of justice (U.S.S.G. § 3C1.1) (2 levels).

Notwithstanding Mr. Allison's entry of a guilty plea, probation did not award Mr. Allison a downward adjustment for acceptance of responsibility. (U.S.S.G. § 3E1.1). The probation officer concludes that Mr. Allison has an

adjusted offense level of 43, with a criminal history Category of V, resulting in a guideline range of LIFE. Probation further determined that, based on the Mr. Allison's convictions described in Paragraphs 115 and 117 of the PSR, he is a career offender.

**Defendant's Objections to the Presentence Report**

As discussed herein, Mr. Allison has filed objections to several of the determinations made by the probation officer. Several of these objections impact the above-referenced guidelines calculations.

**Objections 1 and 2**

As set forth herein, the defendant withdraws his objections to paragraphs 94, 115, 124 and 125 of the pre-sentence report.

**Objections 4[2] and 5[3]**

The defendant maintains his objection to paragraph 119 and 196 of the PSR. Neither objection has any impact on the guidelines.

Additionally, the defendant maintains his objections as to paragraphs 95 (U.S.S.G. § 2D1.1(b)(1))( possession of a firearm during the offense); 96 (U.S.S.G. § 2D1.1(b)(12))(maintaining a premises); and 98 (U.S.S.G. § 3B1.1(b))(role in the offense) of the PSR. These objections do impact the guidelines, and counsel reserves the right to submit further argument at the time of sentencing.

---

[2] There is a typo in the PSR. It does not denote an Objection 3.
[3] See fn. 2.

## Denial of Acceptance of Responsibility

Probation concludes that Mr. Allison is not entitled to acceptance based on his objections to certain relevant conduct/drug amounts, and their determination that he should receive an adjustment for obstruction pursuant to U.S.S.G.§3C1.1. Notwithstanding probation's determination that he should receive a two-level adjustment for obstruction pursuant to U.S.S.G § 3C1.1, and the government's evidence related to that position, Mr. Allison should nevertheless receive a downward adjustment for acceptance of responsibility, based on his timely entry of a guilty plea.

First, with respect to Mr. Allison's objections as to certain drug amounts attributable to him, the objections were made in good faith, and both the government and the defense specifically carved out a provision in the plea agreement allowing him to challenge aspects of the relevant conduct attributable to him by the government, beyond what was admitted to by Mr. Allison during the plea and in the factual basis. To this point, Mr. Allison specifically contends and maintains that at least one individual identified by the government as a co-conspirator with Mr. Allison, and who entered a plea and purported to "cooperate" against Mr. Allison, does not know Mr. Allison and couldn't possibly attribute *any* drug amounts to him. Recorded calls between this individual obtained from the detention facility where he was housed support this contention. Again, Mr.

6

Allison's objection to this relevant conduct was made in good faith, with the advice of counsel, and based on evidence obtained by counsel that, at least in part, contradicts the contentions of the government on these issues.

Lastly, and most importantly with respect to this issue, Mr. Allison recognizes that based on the plea agreement and the drug amounts *admitted to* by him during that proceeding, his offense level is a 34. The additional relevant conduct arguably attributable to him beyond what is admitted in the plea agreement, has no impact the guidelines, and thus Mr. Allison withdraws his objections to the drug amounts attributable to him.[4]

Secondly, Mr. Allison's claims made prior to the entry of his guilty plea in a separate civil proceeding should not be the basis for his denial of acceptance of responsibility. First, and foremost, Mr. Allison withdraws his objection to probation's determination that he should receive a two-level adjustment for obstruction. In his plea before this court, Mr. Allison acknowledged his guilt in the instant matter, and acknowledged facts inconsistent with the claims made in the forfeiture proceeding. Moreover, Mr. Allison agreed in is plea agreement to forfeit

---

[4] Neither the plea agreement or the amended factual basis entered into by Mr. Allison and the government contain any agreements between the parties, or admissions by Mr. Allison, with respect to the applicability of adjustments for role in the offense, the possession of firearms, or maintaining a residence for the distribution of drugs, thus his objections are not a basis for denying him a downward adjustment for acceptance of responsibility.

7

the funds identified in the government's bill of particulars. Accordingly, Mr. Allison withdraws his objection to probation's determination that an adjustment for obstruction is warranted here.

Given the resolution of this issue, Mr. Allison is entitled to the full credit for acceptance of responsibility here. Mr. Allison entered his plea of guilty before this court on November 1, 2019, subsequent to the claims made in the forfeiture matter. The government was fully aware of the disputed claim to the forfeited funds prior to Mr. Allison's entry of a guilty plea, and that plea agreement, for all intents and purposes, resolved those disputed claims. Given Mr. Allison's acknowledgement that an adjustment for obstruction is appropriate, *and* his agreement to forfeit the funds at issue, Mr. Allison should receive the full three-level adjustment for acceptance of responsibility.

### Legal Argument – 18 U.S.C. § 3553

In sentencing a defendant, the district court is required to "(1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing

purposes set forth in § 3553(a). *See* 18 U.S.C. § 3551(a). The court summarized the process in *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) stating that:

> [A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence. If the court imposes a sentence outside the guideline range, it should explain its reason for doing so.

"We add only that the district court's reasons for not applying the properly calculated Guideline range must be based on the factors listed in § 3553(a)." *United States v. Green*, 436 F.3d 449, 455-56 (4th Cir. 2006).

18 U.S.C. § 3553 requires the court to consider the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment of the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *Id*. § 3553(a)(2). Other factors the district court must also consider include: the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to avoid unwarranted sentencing disparities. *See id*. § 3553(a)(1), (4), (6). Finally, after consideration of all these factors, the court must then impose a sentence consistent with the parsimony provision of § 3553(a), by imposing a sentence "no[] greater than necessary" to achieve the statutory sentencing goals. *United States v.*

9

*Pettaway*, No. 4:06cr98, 2021 U.S. Dist. LEXIS 229933, at *38 (E.D. Va. Nov. 29, 2021).

Here, in the case of Mr. Allison, a sentence below the advisory guidelines is warranted. First, Mr. Allison has cooperated in a significant and substantial way. While cooperation of a defendant is generally recognized in a motion pursuant to 5K1.1, the cooperation in this case also speaks to the 3553 factors this court must consider. Mr. Allison's cooperation in this case has come at great cost to him and his family. As a result of providing information in a Fulton County, Georgia murder case, Mr. Allison and members of his family have been threatened. His cooperation against incarcerated inmates who sought to smuggle contraband into the facility where he was housed has jeopardized his physical safety and placed his and his family's lives at risk. Underscoring the jeopardy he now faces, it was necessary for Mr. Allison to be transferred to another facility for his own safety.

In addition to the traditional 5k considerations of substantial assistance, i.e., whether the information provided by Mr. Allison substantially assisted the government, Mr. Allison's actions are also properly considered here as part of the 3553 analysis which this court must conduct. Mr. Allison's actions here are properly considered as part of his history and characteristics. Additionally, his actions here reflect that there is respect for the law, and further demonstrate that,

after serving a reasonable sentence, he is unlikely to engage in future criminal conduct.

### **The Need to Avoid Unwarranted Sentencing Disparities**

Another factor the court must consider in its 3553 analysis, is the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

The sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants. *Cf.* 28 U.S.C. § 991(b)(1)(B) (reciting that one of the statutory purposes of the United States Sentencing Commission is "to establish sentencing policies and practices for the Federal criminal justice system that . . . avoid [] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct . . . ."). *United States v. Clark*, 434 F.3d 684, 687 (4th Cir. 2006).

Here, Mr. Allison's co-defendant's have been sentenced. The sentences range from a low of 37 months to a high of 108 months, with two defendants receiving 108 months, one receiving 100 months, one receiving 72 months, 2 receiving 60 months, and one receiving 37 months. Even assuming that some disparity may be accounted for by the criminal histories and the roles of the respective defendants, there still exists a significant disparity amongst the

defendants here that can only be taken into account by granting Mr. Allison a variance from the court determined guideline range.

**Imposition of a Reasonable Sentence**

Here, giving consideration to the 3553 factors that this court must consider, and in particular, the defendant's background, his cooperation with law enforcement, and the sentences imposed on the co-defendants in this case, the court should impose a sentence of no greater than 120 months. Such a sentence properly takes into account all of the 3553 factors that this court must consider, and is a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. § 3553(a).

Dated: February 21, 2022.

Respectfully submitted,

*William H. Thomas Jr.*
WILLIAM H. THOMAS JR.
GA. BAR NO. 706610
The W.H. Thomas Firm, LLC
511 East Paces Ferry Road NE
Atlanta, GA 30305
bill@whthomasfirm.com
(404) 897-3523 (ofc)
(678) 965-1781 (fax)

*Gabe Banks*
GABE BANKS
GEORGIA BAR NO. 721945
Banks and Weaver
100 Peachtree Street NW, Suite 260
Atlanta, GA 30303
gabe@banksweaver.com
(404) 891-9280 (ofc)
(404) 891-9283 (fax)


*Stephen P. Lindsay*
STEPHEN P. LINDSAY
NORTH CAROLINA BAR
NO. 13017
Lindsay Law PLLC
46 Haywood Street, Suite 200
Asheville, NC 228801
spl@lindsaylaw.org
(828) 551-6446 (ofc)
(828) 412-3412 (fax)

Attorneys for Defendant

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL INDICTMENT |
| v. ) | |
| ) | 1:19-CR-28-2 |
| ) | |
| RODNEY DEJUAN ALLISON ) | |
|    a/k/a "Hot" ) | |
|    a/k/a "Biggs" ) | |
|        Defendant. ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all parties of record.

Dated: February 21, 2022.

                                       /s/ William H. Thomas Jr.
                                       William H. Thomas Jr.
                                       Attorney for Defendant

The W.H. Thomas Firm, LLC
511 East Paces Ferry Road
Atlanta, GA 30305
(404) 897-3523 (ofc)
(678) 965-1781 (fax)